UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 2:11-cr-20
                                                  HON. PAUL L. MALONEY

DONALYN LYNETTE TAISTO,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant Donalyn Lynette Taisto filed a motion seeking an early termination of her supervised release. (ECF No. 85.) The Government has filed a response brief (ECF No. 90) and a supplemental response brief. (ECF No 91.) On January 3, 2017, the undersigned heard testimony from a United States Probation Officer for the Western District of Michigan and oral arguments from both parties. For the reasons stated below, the undersigned recommends that the Court terminate the remaining nine months of Defendant Taisto's supervised release.

In 2011, Defendant Taisto pled guilty to Assault Resulting in Serious Bodily Injury in Indian Country in violation of 18 U.S.C. §§ 113(a)(6) and (b)(2). Defendant Taisto admitted to biting off a portion of a man's nose and cutting off his thumb. The Court sentenced her to a term of forty-six months imprisonment and three years of supervised release.

Defendant Taisto was subsequently released from prison and began her term of supervised release on October 8, 2014. She lives in veteran subsidized housing in Green Bay, Wisconsin. While living in Green Bay, Defendant Taisto receives mental health treatment at Milo

C. Heumpfner VA Health Care Center.[1]  During the past two years, she successfully completed Prolonged Exposure Therapy to treat her PTSD and also attends monthly psychotherapy sessions to treat her anxiety.  Although the Western District of Michigan retained jurisdiction over Defendant Taisto, the Wisconsin Eastern Probation Office ("WEPO") agreed to supervise Defendant Taisto because she lives in Wisconsin.

In December 2015, Defendant was involved in an altercation in Green Bay.  According to Defendant Taisto, she bit and hit a man several times because he was raping her.  At the request of WEPO, the Western District of Michigan Probation Office filed a Petition for Warrant or Summons for Offender of Supervision.  In the petition, it was alleged that Defendant Taisto violated her terms of supervision because she committed another crime—aggravated battery.  Shortly thereafter, the Government voluntarily dismissed the petition until the Brown County District Attorney's Office completed its investigation of the incident.  After the investigation, the Brown County District Attorney's Office determined that the evidence supported that Defendant Taisto was in fact the victim in the altercation.  Therefore, the Government never refiled the petition.

In March 2016, WEPO requested that Defendant Taisto sign a release for her psychological counseling medical records.  WEPO sought Defendant Taisto's medical records because it wanted to verify that the information that she was telling her counselors was consistent with the Presentence Investigation Report and the Green Bay Police Report.  However, Defendant Taisto refused to sign the release.  As a result of her refusal, WEPO is no longer willing to monitor Defendant Taisto.

---

[1] Defendant Taisto has a history of mental health problems including post-traumatic stress disorder, bipolar disorder, and generalized anxiety disorder.

Pursuant to 18 U.S.C. § 3583(e)(1), the court may terminate a term of supervised release after one year of supervision if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." When determining whether to terminate a defendant's supervision, the court should consider (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need "to afford adequate deterrence to criminal conduct"; (3) the need "to protect the public from further crimes of the defendant"; (4) the need "to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner"; (5) "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines"; (6) any policy statements issued by the United States Sentencing Commission; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense." 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), & (a)(7).

In this case, Defendant Taisto argues that her supervise release should be terminated early because she has complied with all the rules and regulations of her supervised release. She has been on supervised release for over two years. She has successfully completed Prolonged Exposure Therapy to treat her PTSD and continues to see other health care clinicians to treat her other mental health care needs. Although the Government filed one Petition for Warrant or Summons for Offender of Supervision based on the December 2015 incident, the Government voluntarily dismissed the petition and the investigation revealed that Defendant Taisto was the victim. Despite Defendant Taisto's compliance, the Government argues that early termination of her supervised release is not warranted because complying with the terms of supervised release is

what is expected of a defendant. *See United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005).

However, this case presents a unique situation. Based on the testimony during the hearing, it is apparent that WEPO is no longer willing to monitor the supervision of Defendant.[2] Therefore, if Defendant Taisto remains on supervised release, she will be forced to move from her residence in Green Bay, Wisconsin, to a residence within the Western District of Michigan. If forced to move, Defendant Taisto would be uprooted from her home, unable to receive counselling from her current psychologists, and could potentially lose her VA benefits. Defendant Taisto would lose the relationship and trust that she has established with her psychologists over the past two years and would essentially have to start over with finding new mental health clinicians in Michigan.

In addition, during the hearing, the probation officer testified that he does not think that continuing Defendant Taisto's supervised release adds any value to her rehabilitation. In fact, the probation officer testified that forcing her to move is more likely to disrupt her rehabilitation process. He believes that terminating Defendant Taisto's supervised release is the best option to rehabilitate her and minimize any threat she poses to the public. The undersigned agrees. The continuation of Defendant Taisto's supervised release for the final nine months and forcing her to move would cause much more harm than good—both to the rehabilitation of Defendant Taisto and to the protection of the public. Defendant Taisto has shown that she is voluntarily receiving the mental health treatment she needs in Green Bay and there is no reason to believe she will

---

[2] During the hearing, there was some discussion about whether WEPO would be willing to maintain monitoring Defendant Taisto if she signed a release for her medical records. However, based on the testimony of the United States Probation Officer for the Western District of Michigan, the WEPO is no longer willing to monitor Defendant Taisto regardless of whether she signs a release form. Even if this was still a possibility, the probation officer testified that forcing Defendant Taisto to sign a release for her medical records, as requested by WEPO, could negatively affect her rehabilitation.

discontinue receiving the help she needs. The juice, the value from continued supervision, is not worth the squeeze, the resources utilized to continue the supervision.

Therefore, after carefully considering the factors, the undersigned finds that early termination is "in the interest of justice." 18 U.S.C. § 3583(e)(1)(A). Accordingly, it is recommended that Defendant Taisto's supervised release be terminated.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: January 6, 2017

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE